UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 15-34-BAJ-SCR

## ORDER TO PAY FULL FILING FEE

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary (hereafter "LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, LSP Legal Programs Director Trish Foster, Maj. Larry Smith, Maj. Michael Vaughn, Lt. Cindy Vannoy, Classification Supervisor Amber Vittirao and an unidentified Supervisor of Investigation Services. Plaintiff alleged that: (1) in September 2014 he was issued a disciplinary report accusing him of sending (or causing to be sent) unauthorized mail to someone on his non-contact list, (2) the appeal of the disciplinary board decision regarding the unauthorized mail was not decided in a timely manner, (3) an administrative grievance complaining that the disciplinary board appeal was not decided was rejected, (4) he was placed on "mail block" restricting him from corresponding with anyone not identified on his visitors list, (5) on December 22, 2014, he was issued a false disciplinary report accusing him of contacting someone on his no-contact list, (6) in early 2014 prison officials

began monitoring his mail causing his mail to be delayed, lost or destroyed, (7) a photograph of his son was confiscated from correspondence from his fiancé without notice or an opportunity to appeal the confiscation, all in retaliation for the plaintiff accessing the courts.

Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals

include only those for which appeal has been exhausted or waived. *Id.* However, dismissals later reversed are not to be counted as a strike. *Id.* By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id.*

Plaintiff has, on three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim.[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.

Therefore;

IT IS ORDERED that the plaintiff is barred from proceeding in forma pauperis because he has, on three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the plaintiff is granted 21 days from the date of this order to pay the court's filing fee in the amount of **$400**.

---

[1] A list of cases dismissed as frivolous or failure to state a claim by the district court include: *Brandon Scott Lavergne v. Advancial Federal Credit Union,* CV 13-2119-RTH-CMH (W.D. La.); *Brandon Scott Lavergne v. Laincy Vasseur Martinez,* CV 13-2121-RTH-CMH (W.D. La.); and *Brandon Scott Lavergne v. Claire Gianfala Higgingbottom,* CV 13-2122-RTH-CMH (W.D. La.).

**The filing fee must be paid in full in a single payment. No partial payment of fees will be accepted.** Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's complaint without prejudice.

Baton Rouge, Louisiana, January 26, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE