UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BRANDON S. LAVERGNE (#424227)

VERSUS                                      CIVIL ACTION

N. BURL CAIN, ET AL                         NUMBER 15-34-BAJ-SCR


**RULING ON MOTION FOR LEAVE TO AMEND COMPLAINT**

Before the court is the plaintiff's Amendment to Add
Plaintiff. Record document number 4.

Pro se plaintiff, an inmate at Louisiana State Penitentiary,
Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983
against Warden N. Burl Cain, Legal Programs Director Trish Foster,
Maj. Larry Smith, Maj. Michael Vaughn, Lt. Cindy Vannoy,
Classification Supervisor Amber Vittirao and an unidentified
supervisor of Investigative Services.  Plaintiff alleged that in
early 2014 prison officials placed him on "mail watch."  Plaintiff
alleged that prison officials delayed posting his mail and have
destroyed some of his personal and legal mail.

Plaintiff alleged that prison officials placed him in
administrative segregation pending an investigation into to
complaints that he caused unwanted correspondence to be sent to
Jessica Vasseur, his minor daughter's grandmother.  Plaintiff
alleged that he was issued a disciplinary report accusing him of
purposely circumventing a non-contact order.  Plaintiff alleged
that on September 28, 2014, a disciplinary board found him guilty
of the disciplinary report and he was sentenced to a loss of

telephone privileges for a period of 28 days.  Plaintiff alleged that pursuant to a posted policy he also lost contact visits and special visits for a six month period.

Plaintiff alleged that he appealed the decision of the disciplinary board but the warden failed to timely issue a disciplinary board appeal decision.  Plaintiff alleged that when he filed an administrative grievance regarding the untimely disciplinary board appeal decision, Foster rejected the administrative grievance.

Plaintiff alleged that on December 18, 2014, he was advised that Warden Cain ordered that he be placed on "mail block" which restricted him from contacting anyone via the United States Postal Service except for legal mail recipients and those persons identified on his visitor's list.  Plaintiff alleged that several posted letters were returned undelivered with a notation that he was on mail block.

Plaintiff alleged that on December 22, 2014, he was issued a false disciplinary report accusing him of corresponding with his son after he was verbally ordered not to contact him.  Plaintiff alleged that on January 5, 2015, he was found guilty of the disciplinary report and was sentenced to Camp J.  Plaintiff alleged that as a result, he lost telephone privileges except for legal calls and one personal call per month.

Plaintiff alleged that on or about January 1, 2015, Maj. Vaughn removed a photograph of his son from a letter from his fiancé, Tiffany Gilcrease, without providing him with notice of the confiscation.  Plaintiff alleged that on January 12, 2015,

Gilcrease, was contacted by Maj. Vaughn who warned her that she would be placed on permanent mail block unless she ceased sending the plaintiff photographs of his children.

On February 6, 2015, the plaintiff amended the complaint[1] to alleged that several letters he submitted for delivery in the month of January 2015 were not received. In addition, the plaintiff alleged that between September 26 and December 22, 2014, he was denied contact and non-contact visits with his Gilcrease.

Plaintiff is now before the court seeking leave of court to join Tiffani Gilcrease as a plaintiff and assert claims against the defendants on her behalf based on allegations that they interfered with **her** associational rights.

First, the plaintiff may not represent another party. *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986)(the right to bring an action under the civil rights act is personal in nature and may not be asserted by third parties). Second, although the plaintiff's motion has a place for Gilcrease to sign, stating that she is asking to be joined as a plaintiff, she did not sign the motion. Third, in the circumstances of this case, the plaintiff cannot involuntarily join Gilcrease as a party plaintiff under Rule 19(a), Fed.R.Civ.P. Plaintiff has not shown that the absence of Gilcrease as a plaintiff the court will be unable to provide complete relief to him, nor has the plaintiff shown that as a practical matter her non-joinder would impair or impede her ability to protect her interests.

---

[1] Record document number 3.

Accordingly, the plaintiff's Amendment to Add Plaintiff is denied.

Baton Rouge, Louisiana, February 24, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE