UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 15-34-BAJ-SCR

## RULING ON MOTION TO INTERVENE
### and
## RULING ON MOTION FOR RECONSIDERATION

    Before the court is the Amendment to Add Plaintiff filed by Tiffany Gilcrease on March 6, 2015. Record document number 8. Also before the court is the Motion for Reconsideration filed by plaintiff Brandon S. Lavergne. Record document number 6.

    The background for this motion was previously stated in the Ruling on Motion for Leave to Amend Complaint issued February 24, 2015[1] and will not be repeated in this ruling. After that ruling was issue the clerk of court received and filed a version of the plaintiff's Amendment to Add Plaintiff which was signed by Tiffany Gilcrease.[2] On page 7 Gilcrease stated under penalty of perjury that the facts stated in the Amendment to Add Plaintiff are true to the best of her knowledge and understanding, and "I am asking this court to add me as a plaintiff to this suit." Based on her request, this filling will be treated as a motion by her for leave

---

[1] Record document number 5.

[2] Record document number 8.

to intervene as a plaintiff.

As explained in the previous ruling, plaintiff Brandon S. Lavergne may not represent another party. *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986)(the right to bring an action under the civil rights act is personal in nature and may not be asserted by third parties). Gilcrease's proposed claims, based on deprivations of her First Amendment associational rights, arise out of the same transactions, occurrences, or series of transactions or occurrences as do the plaintiff Lavergne's claims, and her claims present questions of fact and law in common with his claims. Rule 20(a)(1), Fed.R.Civ.P. Therefore, she may join her claims in the same case.

This does not mean plaintiff Lavergne can litigate Gilcrease's claims himself.[3] Gilcrease is responsible for serving Maj. Michael Vaughn, the defendant named in the Amendment to Add Plaintiff, with a summons and her signed Amendment to Add Plaintiff in the manner required, and within the time allowed, by Rule 4(m), Fed.R.Civ.P. Failure to do so may result in her claims being dismissed. She must sign and file her own pleadings and motions, as well as her own responses to motions, discovery requests and court orders. She is responsible for complying with all applicable provisions of the Federal Rules of Civil Procedure, the court's Local Rules and court orders applicable to her. Her failure to do

---

[3] Appearing to litigate Gilcrease's claims on her behalf may be construed as practicing law without a license, which is a crime. LSA-R.S. 37:212.A, 213.C.

so may result in the pleading, motion or other paper being stricken, the court taking no action on it, or other adverse consequences.

Plaintiff Lavergne moved for reconsideration of the Ruling on Motion for Leave to Amend Complaint on the ground that the Amendment to Add Plaintiff signed by Gilcrease was supposed to have been mailed to the court. The record shows that it was received after the ruling was issued. Consequently, ruling was correct when issued. However, since the Amendment to Add Plaintiff signed by Gilcrease is being granted, the plaintiff's Motion for Reconsideration is now moot.

Accordingly, the Amendment to Add Plaintiff signed by Tiffany Gilcrease, record document number 8, treated as a motion for leave to intervene, is granted. The Motion for Reconsideration filed by plaintiff Brandon S. Lavergne is denied as moot.

Baton Rouge, Louisiana, March 9, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE