UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE                                      CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                     NO.: 15-00034-BAJ-SCR

RULING AND ORDER

Brandon S. Lavergne ("Plaintiff") instituted the instant action on January 26, 2015, pursuant to 42 U.S.C. § 1983, against Warden N. Burl Cain, Trish Foster, Major Larry Smith, Major Michael Vaughn, Lieutenant Cindy Vannoy, Amber Vittirao, and an Unknown Supervisor of Investigative Services at the Louisiana State Penitentiary. (Doc. 1). Plaintiff seeks damages and injunctive relief for alleged violations of his constitutional rights including restricting his access to mail and denial of contact and non-contact visits. (*See generally* Doc. 1). On March 9, 2015, the Magistrate Judge granted Plaintiff's request to amend his Complaint to add Tiffany Gilcrease as a Plaintiff, after treating Plaintiff's motion as a motion for leave to intervene. (Doc. 9).

Proper service of process is essential to pursue a suit in federal court. *See* Fed. R. Civ. P. 4(c)(1). However, an individual, corporation, or association that is subject to service may waive service of summons. Fed. R. Civ. P. 4(d)(1). In the absence of proper service of process, or waiver of service by the defendant, this court

is without jurisdiction over the defendant and cannot proceed. *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999). Rule 4(m) of the Federal Rules of Civil Procedure Rule ("Rule") provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, there is no evidence in the record indicating that service of process was properly effectuated with respect to any of the defendants. Because more than 120 days have elapsed since the filing of this matter, Plaintiff must explain this deficiency, or this case must be dismissed pursuant to Rule 4(m).

Accordingly,

**IT IS ORDERED** that Plaintiff **SHOW CAUSE**, in writing, why this matter should not be dismissed for failure to serve any of the defendants within the period outlined in Rule 4(m). Plaintiff's response must be received by this Court within fourteen (14) days of this Order. Failure to respond will result in dismissal of Plaintiff's claims.

Baton Rouge, Louisiana, this 15th day of June, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**