UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)

VERSUS                                             CIVIL ACTION

N. BURL CAIN, ET AL                                NUMBER 15-34-BAJ-SCR

## RULING ON MOTION FOR RECONSIDERATION

Before the court is the plaintiff's Memorandum Objecting to Clerk's Order and Request for Reconsideration. Record document number 28.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Legal Programs Director Trish Foster, Maj. Larry Smith, Maj. Michael Vaughn, Lt. Cindy Vannoy, Classification Supervisor Amber Vittirao and an unidentified supervisor of Investigative Services. Plaintiff is not proceeding in forma pauperis. After he failed to serve any of the defendants with a summons and the complaint he was ordered to show cause why his complaint should not be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.[1] After considering the plaintiff's response to the show cause order, on July 2, 2015 the district judge ordered the clerk of court to issue summons and send them to the plaintiff, and further ordered that "Plaintiff serve the defendants in the manner

---

[1] Record document number 18.

required by Rule 4 of the Federal Rules of Civil Procedure, or obtain a waiver of service within thirty (30) days" of the order.[2]

The clerk of court issued two sets of summons and sent them to the plaintiff.[3] Plaintiff filed a Certificate of Service indicating that the defendants were served by certified mail addressed to defendant Warden Burl Cain sent on July 22, 2015 to both the Louisiana State Penitentiary and to the Louisiana Department of Corrections ("DOC") headquarters in Baton Rouge, Louisiana.[4] The person signing the receipt for the mailing to the penitentiary, however, was not Warden Cain. It was a person named Eula Lee Saucier, who obviously is not the addressee and who did not indicate on the receipt that she is the warden's agent. The receipt is not dated.

Plaintiff filed both a Notice of Default and a Motion for Judgment by Default on August 17, 2015.[5] The clerk of court treated the Notice of Default as a request for entry of a default pursuant to Rule 55(a), Fed.R.Civ.P., against all of the defendants. The clerk of court denied the request "for incomplete proof of service" because the record "does not reflect that proper service was executed on each individual defendant(s), and

---

[2] Record document number 20.

[3] Record document number 21 and 22. The first was a single summons naming all of the defendants. The second was a set of seven summons, each naming only one defendant.

[4] Record document number 23.

[5] Record document numbers 24 and 26, respectively.

appropriate return(s) filed."[6]

The clerk of court's determination was indisputably correct, for the reasons explained below.

Plaintiff then filed this motion seeking reconsideration of the clerk of court's denial of entry of a default. Plaintiff filed with his motion a copy of the same certified mail receipt he had already filed, plus a copy of a receipt for certified mail sent to "Louisiana Department of Public Safety and Corrections, Att. Legal Dept." in Baton Rouge.[7] The latter receipt was signed by Andy Collier, who is not a defendant and who did not indicate on the receipt that he is the agent of any defendant. This receipt is dated July 23, 2015.

Plaintiff acknowledged that the clerk of court sent him two sets of summons, including one consisting of a single page naming all defendants. Plaintiff mailed that single summons to DOC headquarters. Plaintiff also mailed a summons to defendant Warden Cain directly. Plaintiff argued that this was proper service, citing another case, CV 13-233,[8] in which the U.S. Marshal served four individual defendants by bringing the summons to the DOC headquarters in Baton Rouge and giving all four summons to a single person.

---

[6] Record document number 25.

[7] Record document number 28-1, pp. 1, 2.

[8] *Brandon Scott Lavergne v. N. Burl Cain, et al.*, CV 13-233-JWD-SCR (M.D. La.)

Because the defendants are individuals within a judicial district of the United States, service upon them is governed by Rule 4(e), Fed.R.Civ.P. Pursuant to that rule, service of process may be made by: (1) serving the defendant pursuant to the laws of the state in which the district court is located or where service is made, in this case Louisiana (Rule 4(e)(1)); (2) delivering the service documents to the defendant, i.e. personal service (Rule 4(e)(2)(A)); (3) leaving copies of the service documents at the defendant's residence with a person of suitable age and discretion (Rule 4(e)(2)(B)); or (4) delivering the service documents to an agent of the defendant authorized to accept service by appointment or by law, i.e. personal service on the agent (Rule 4(e)(2)(C)). *See, e.g.*, *Ayika v. Sutton*, 378 Fed.Appx. 432, 2010 WL 1948362 (C.A.5 (Tex.)); *Ellibee v. Leonard*, 226 Fed.Appx. 351, 2007 WL 837092 (C.A.5 (Tex.)).

In the case cited by the plaintiff, the U.S. Marshal's Form USM-285 Process Receipt and Return indicates that the summons was actually **delivered** (the form states "Served @ LA DOC Legal") to Rhonda Weldon, a person authorized to accept service for current DOC employees.[9] Defendants who were served through the DOC filed an answer in which they did not contest sufficiency of process or service of process.[10] Consequently, the court was not called upon to determine whether the service by the U.S. Marshal complied with

---

[9] CV 13-233-JWD-SCR, record document number 22.

[10] *Id.,* record document number 24.

Rule 4(e).  Here, however, because the plaintiff is seeking entry of a default and a default judgment, the court must carefully scrutinize the sufficiency of process and service of process.

As noted above, Rule 4(e)(1) permits service of a summons and the complaint in accordance with the laws of the state of Louisiana. Under Louisiana procedure, service of a citation (summons, in federal court) and the petition (complaint, in federal court) on an individual defendant who is a resident of the state of Louisiana generally must be made by either personal or domiciliary service on the named defendant or his agent by a sheriff or deputy sheriff.  La.C.Civ.P. articles 1231, 1232, 1234, 1235, 1291.  A private person may be appointed to make service when the sheriff is unable to do so.  La.C.Civ.P. article 1293.[11]  Service of pleadings **subsequent to the original petition** may be made by mail, unless otherwise provided by law.  La.C.Civ.P. article 1313.  Service may also be made by mail when an express provision of law provides for service by mail.  *Id.*

Plaintiff is responsible for properly serving the defendants. The clerk of court provided him with a single summons, which he could use to serve all defendants if service could properly be made

---

[11] The federal corollary is Rule 4(c)(3), which authorizes the court to appoint the U.S. Marshal, or a person specially appointed by the court, to serve a summons and the complaint.  Plaintiff did not seek appointment of the U.S. marshal or another person to serve the defendants.  Because he is not proceeding in forma pauperis, should the plaintiff request appointment of the U.S. Marshal he would have to pay the deposit required by the U.S. Marshal before service is made.

on all of them in the same manner at the same time.  He was also provided with an individual summons for each defendant that he could use to serve each defendant individually, in whatever manner he could properly serve the defendant.  It is readily apparent from the plaintiff's own filings that he has not served any defendant in a manner authorized by any subsection of Rule 4(e).

Accordingly, the plaintiff's Memorandum Objecting to Clerk's Order and Request for Reconsideration is denied.

Baton Rouge, Louisiana, August 27, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE