UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)        CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                 NO. 15-0034-BAJ-EWD

**O R D E R**

Before the Court is Plaintiff's Motion to Amend (R. Doc. 55), Motion for Leave to Amend (R. Doc. 84), Amendment to Motion for Leave to Amend (R. Doc. 83) and Motion/Affidavit for Leave to Amend (R. Doc. 85).   In these motions, Plaintiff seeks leave of Court to supplement his Complaint by adding new defendants (identified as "BR," Major Willie Richardson, Classification Officer Megan Shipley, Classification Officer George Heard, Warden Darrell Vannoy and Warden Leslie Dupont) and by adding new claims regarding, *inter alia,* (1) alleged retaliation against him in March, 2015 (when "BR" disallowed Plaintiff's request to add four persons to his approved visitors' list at the Louisiana State Penitentiary ("LSP")), (2) efforts by him in 2015 and thereafter to communicate or to obtain authorization to communicate with his daughter Bethany, (3) the removal of Bethany from his visitor's list, (4) the subsequent issuance of disciplinary charges against him in 2016, (5) the alleged denial of due process in connection with subsequent disciplinary proceedings, and (6) the alleged failure of prison officials to properly handle mail sent by Plaintiff to his son Brandon in 2016.

*Pro se* plaintiff, an inmate incarcerated at LSP, filed this action pursuant to 42 U.S.C. § 1983 against former Warden N. Burl Cain, Legal Programs Director Trish Foster, Major Larry

Smith, Major Michael Vaughn, Lt. Cindy Vannoy, Classification Supervisor Amber Vittirao and an unidentified Supervisor of Investigative Services.  A brief summary of Plaintiff's allegations is as follows:

- At some time after July 2013, Plaintiff was informed that he could no longer send mail to the address of his daughter's mother, Lainey Martinez.  According to Plaintiff, this was at the request of Lainey Martinez because Plaintiff had filed a lawsuit against her.

- In early 2014, Plaintiff was informed that he was being placed on "mail watch," pursuant to which his mail was monitored.  According to Plaintiff, this was done in retaliation for Plaintiff's prior lawsuits against prison officials.  Plaintiff complains that numerous items of legal and personal mail were thereafter delayed, and some items disappeared, causing problems with Plaintiff's prosecution of pending lawsuits.

- In September 2014, Plaintiff's lawsuit against Lainey Martinez had proceeded through the courts and was lodged in the United States Supreme Court, and Plaintiff received notice that he was required by Supreme Court rules to send copies of his appellate brief to Ms. Martinez.  Because Plaintiff was prohibited from sending mail to Ms. Martinez' address, Plaintiff forwarded the paperwork to members of his family for *them* to send to Ms. Martinez.  The paperwork addressed to Ms. Martinez was thereafter returned undelivered, however, with a forwarding address for Lainey Martinez' mother, Jessica Vasseur, Accordingly, Plaintiff's family members re-sent the paperwork to Jessica Vasseur, who became upset and complained to prison officials.

- Upon learning of the above complaints, LSP Investigator Michael Vaughn ordered that Plaintiff be placed in administrative segregation and subsequently charged Plaintiff with circumventing or attempting to circumvent a non-contact order, a charge that Plaintiff

alleges is unfair because (1) he was *required* by Supreme Court rules to attempt to send copies of his appellate brief to Lainey Martinez, (2) he did not personally violate the non-contact order because the paperwork was sent to Lainey Martinez' address by family members, not by Plaintiff, and (3) he was being punished for for sending paperwork, not to Lainey Martinez, but to Jessica Vasseur, a person who he had never been told not to contact.  Notwithstanding, Plaintiff was found guilty of the disciplinary charge on September 28, 2014 and was sentenced to a loss of telephone privileges for 28 days. Plaintiff alleges that he also lost contact visits and special visits for a six month period.

- Plaintiff appealed the referenced disciplinary charge and punishment, but he complains that Warden Cain failed to respond to the appeal within applicable time limits.  Accordingly, Plaintiff submitted an administrative grievance ("ARP") complaining about the non-response to his disciplinary appeal, but Legal Programs Director Trish Foster rejected Plaintiff's ARP.

- On or about December 18, 2014 Plaintiff was informed that he was being placed on "mail block," meaning that he could only send personal mail to persons on his approved visitors' list.  Plaintiff was informed that this was because Plaintiff had contacted members of his victim's family, which Plaintiff denies.  Plaintiff complains that numerous items of mail have since been returned to him unsent with notices indicating that he is on "mail block." Plaintiff also complains that items of mail have been retained unsent without any notice to him.

- On or about December 22, 2014 Plaintiff was charged with a disciplinary report for sending a Christmas card to his son, Braden.  Plaintiff was informed by defendant Vaughn that Plaintiff had been told 2½ years previously not to send mail to his son's address.  Plaintiff

denies that he was ever so instructed, but he was nonetheless found guilty of the charge and sentenced to six months in disciplinary segregated confinement (subsequently overturned).

- On or about January 1, 2015, defendant Vaughn removed a photograph of Plaintiff's son from a letter sent to Plaintiff by his former fiancée, Tiffany Gilcrease, without providing notice of the confiscation.  On January 12, 2015, defendant Vaughn contacted Tiffany Gilcrease and informed her that if she continued to send Plaintiff photographs of his children, Gilcrease would be placed on "permanent mail block."  According to Plaintiff, this was unwarranted and was an abuse of authority by defendant Vaughn.

Plaintiff filed an amendment to his Complaint in February 2015 (R. Doc. 3), complaining that several letters he had submitted for delivery in the month of January 2015, were not received.  In addition, Plaintiff complained that he was denied all visits with Tiffany Gilcrease between September 26 and December 22, 2014.

Plaintiff filed an amendment to his Complaint in March 2015 (R. Doc. 7), complaining about the conditions to which he was being subjected in punitive segregated confinement, including an unhygienic cell, limitations on exercise, visitation and telephone calls, cold showers, dirty clothing, and restrictions upon property and canteen purchases.

In March 2015, Tiffany Gilcrease was granted leave to intervene as a plaintiff and assert her own claims, based on an alleged violation of her First Amendment associational rights.  *See* R. Doc. 9.  She subsequently amended her claims to assert a new claim against an unidentified correctional officer, "BR," *see* R. Doc. 13, based on an assertion that on or about March 6, 2015 the officer retaliated against her by removing her from plaintiff LaVergne's approved visitor list because she asked to be joined as a plaintiff in this case.  Tiffany Gilcrease has since been

voluntarily dismissed from this proceeding based upon her own motion.  *See* R. Docs. 56 and 64.

In April 2015, the Court denied Plaintiff leave to amend his Complaint to also assert a claim against correctional officer "BR," specifically because Plaintiff had not exhausted administrative remedies as to this claim as mandated by 42 U.S.C. § 1997e.  *See* R. Docs. 14 and 15.

In November 2015, the Court again denied Plaintiff leave to amend his Complaint, this time to add a claim that correctional officers Major Nettles and Constance Shiply improperly found Plaintiff guilty of the disciplinary charge issued against him in December 2014, which finding of guilt was allegedly later overturned.  *See* R. Docs. 17 and 40.

Finally, in March 2016, the Court again denied Plaintiff leave to amend his Complaint, this time to add, *inter alia*, claims of further retaliation and misconduct.  *See* R. Doc. 74.  The Court noted at that time that Plaintiff's *pro se* status did not give him license to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Id.*

Plaintiff is now once again before the Court seeking to supplement his Complaint.  Plaintiff's motions shall again be denied.  Most, if not all, of the claims sought to be added by Plaintiff relate to events that allegedly occurred after the filing of his original Complaint.  Whereas Plaintiff alleges that he has administratively exhausted these claims as mandated by 42 U.S.C. § 1997e, these claims were not administratively exhausted at the time that he commenced this proceeding.  Consequently, they are not properly before the Court.  *See Smith v. Olsen*, 455 Fed. Appx. 513, 515 (5th Cir. 2011) (noting that "[a]n amended complaint will not typically cure the failure to exhaust administrative remedies prior to initially filing suit").  *See also Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (explaining that § 1997e "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending"), *overruled by implication on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

Further, whereas the Federal Rules of Civil Procedure envision that leave to amend a Complaint shall be freely granted when justice requires, *see* Rule 15(a)(2), Fed. R. Civ. P., this policy is not absolute and, in any event, the *supplementation* of a Complaint to set forth claims occurring after the date of filing of the original pleading is addressed to the sound discretion of the Court.  *See* Rule 15(d).  In the exercise of this discretion, the Court declines to allow Plaintiff leave to supplement his Complaint to assert the referenced claims and to add the referenced parties. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend (R. Doc. 55), Motion for Leave to Amend (R. Doc. 84), Amendment to Motion for Leave to Amend (R. Doc. 83) and Motion/Affidavit for Leave to Amend (R. Doc. 85) are hereby **DENIED**.  The Court advises Plaintiff that no further amendment or supplementation of the claims asserted in this proceeding shall be allowed.

Signed in Baton Rouge, Louisiana, on May 25, 2016 .

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**