UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)          CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.          NO.: 15-00034-BAJ-EWD

### RULING AND ORDER

Now comes Plaintiff Brandon S. Lavergne ("Plaintiff") with a **Motion to Reconsider (Doc. 78)** the Court's previous denial (Doc. 74) of his Request for Emergency Injunction Order under F.R.C.P. 65 (Doc. 66). For the reasons explained herein, Plaintiff's **Motion to Reconsider (Doc. 78) is DENIED**.

"A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts." *Weatherspoon v. Ferguson*, 302 F. App'x 231, 231 (5th Cir. 2008) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). However, in order to "state a claim based on delay or interference with the mail," an inmate must establish that "'his position as a litigant was prejudiced' due to the disputed acts." *Id.* (quoting *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

The only evidence attached to Plaintiff's Request for Emergency Injunction is a piece of mail addressed to the National Jericho Movement. *See* Doc. 66 at p. 6. The National Jericho Movement is a "civil rights group," *id.* at p. 2, and the mail in question was allegedly intended to address Plaintiff's "illegal custody" at the Louisiana State Penitentiary ("LSP"), *id.* at p. 6. There is no evidence that the

National Jericho Movement represents Plaintiff in any ongoing litigation. Nor is there any evidence of a deadline by which Plaintiff must challenge his "illegal custody" at LSP.

Accordingly, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits.[1] *See Planned Parenthood Ass'n of Hidalgo Cty. Texas, Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012). His **Motion to Reconsider (Doc. 78)** is **DENIED**.

Baton Rouge, Louisiana, this 25th day of May, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Plaintiff also alleges that a second package was returned to him on the date in question. This package allegedly contained information related to an appeal that Plaintiff is currently pursuing in Louisiana state court. *See* Doc. 66 at p. 1. Plaintiff alleges that if this package is not sent out soon, his appeal will become "time barred." *Id.* at p. 4. Such would presumably constitute the prejudice necessary to state a claim based on delay or interference with the mail. However, Plaintiff has not attached any evidence of this second package to his Request for Emergency Injunction Order under F.R.C.P. 65. He simply discusses it throughout his memorandum. "[A]rgument is not evidence." *United States v. Rojas Alvarez*, 451 F.3d 320, 336 (5th Cir. 2006). And without any evidence of the second package to which Plaintiff refers, the Court cannot grant Plaintiff the preliminary injunction he seeks.