UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424229)      CIVIL ACTION

VERSUS

NATHAN CAIN, ET AL.     NO.:15-00034-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 96)**, pursuant to 28 U.S.C. § 636(b)(1), addressing Defendants' Motions to Dismiss and Plaintiff's Motion for Summary Judgment. (Docs. 44, 57, 82). Also before the Court is Plaintiff's **Motion for Leave to Amend Traverse Response to the Magistrate's Report and Recommendation** (Doc. 98). The Court will grant this motion, and consider Plaintiff's arguments presented therein on the ruling to consider the Magistrate Judge's Report & Recommendation.

Defendants seek dismissal of Plaintiff's 42 U.S.C. § 1983 claims. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment (R. Doc. 82) be denied, that Defendants' Motions to Dismiss (R. Docs. 44 and 57) be granted in part, dismissing all of Plaintiff's claims asserted against Defendants Cindy Vannoy, Trish Foster, Paul Smith, and Amber Vittirai, with prejudice, and dismissing all of Plaintiff's claims asserted against the remaining Defendants, Burl Cain and Michael Vaughn in their official capacity. However, the Magistrate Judge recommended the denial of the Motions to Dismiss for claims Plaintiff asserted

against Defendants Cain and Vaughn in their individual capacities, arising out of the imposition of a "mail block" in September 2014. Finally, the Magistrate Judge recommended that this Court decline the exercise of supplemental jurisdiction on the state law claims.

The Report and Recommendation notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 96 at p. 1). Plaintiff timely filed an objection (Doc. 97).

Plaintiff objects to the Report and Recommendation on ten grounds: (1) the background information contained an error; (2) the summary judgment was in proper form; (3) the official capacity claims should not have been dismissed; (4) the Magistrate Judge should not have found that compensatory damages are unavailable to him; (5) the Magistrate erred by claiming that some defendants were not personally involved in each claim; (6) Plaintiff was not permitted to propound discovery to properly determine if he has a retaliation claim; (7) the Magistrate Judge erred by not recognizing that Defendants Cain and Vaughn were personally involved in the destruction of legal mail (separate from the mail block claim); (8) Plaintiff's Eighth Amendment claims were improperly rejected; (9) the Magistrate Judge failed to adequately discuss the due process implications of his mail block claim; and finally, (10) it was error to deny supplemental jurisdiction.

First, while Plaintiff's objection is noted, the Magistrate judge was correct that mail could not be sent to Plaintiff's daughter because she lived with Plaintiff's ex-wife, who Plaintiff was not allowed to contact. Second, the Magistrate Judge did not err in ruling on this issue, as Plaintiff's summary judgment motion lacked evidence and otherwise did not conform with the specifications set out in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56. Third, the dismissal of the official capacity claims was proper because the claims are barred by the 11th amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Fourth, in this case, compensatory damages are likely not available, as the only surviving claim is the mail block claim, and Plaintiff does not allege anything more in connection with this specific claim except loss of his amorphous right to communicate with others outside of the prison. Assuming, *arguendo*, that plaintiff enjoys such a "right," such claim does not give rise to compensatory damages. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307-10 (1986) (holding that a plaintiff who fails to show more than a bare violation of a Constitutional Right is not entitled to compensatory damages). Fifth, Plaintiff attempts to allege additional facts in his objections, and in doing so, argues that all Defendants named were somehow personally involved. However, Plaintiff still fails to allege direct involvement sufficient to meet the pleading standard in *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (establishing federal plausibility pleading standard for a motion to dismiss). Sixth, Plaintiff claims it is unfair to dismiss his claim for retaliation without discovery. However, Plaintiff is not entitled to discovery because he failed to plead sufficient facts to meet the federal pleading standard of

plausibility. *See Iqbal*, 556 U.S. at 678.¹ Seventh, Plaintiff's objection only provides bare legal conclusions, and does not plead facts that tend to show Defendants Cain and Vaughn were actually involved in destruction of legal mail separate from the mail watch and mail block. Eighth, Plaintiff re-urges that his conditions of confinement violated the Eighth Amendment, including the fact that the facility he was transferred to was unclean. However, taken together, Plaintiff's claims do not amount to cruel and unusual conditions, especially when the prison officials offered Plaintiff the materials he needed to improve his new cell. *See Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (dismissal of an Eighth Amendment claim where the plaintiff was placed in a cell with "blood on the walls and excretion on the floors" was proper, in part because the plaintiff was provided with the means to clean the cells). Ninth, Plaintiff reminds the court that his mail block claim is both a due process and a substantive right claim. While it is confusing why this objection is raised, given that the Magistrate Judge did not dismiss his claims in relation for the mail block, such claim survives this ruling and Plaintiff can now move forward with discovery. Finally, the Magistrate Judge did not err by suggesting that this Court refuse to exercise supplemental jurisdiction. Exercising supplemental jurisdiction over state law claims is discretionary. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173-74 (1997). In this case, Plaintiff failed to demonstrate compelling reasons to extend jurisdiction.

---

¹ Plaintiff's Amended Objection to the R&R argues that having recently received a favorable judgment in his trial against Defendant Cain in the case on which the retaliation is based, that such a result serves as proof of his retaliation claims in the matter *sub judice*. However, such an assertion is without merit, as plaintiff has failed to point to specific evidence in that case, or the record of this case, to satisfy his burden.

4

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Motion for Leave to Amend Traverse Response to the Magistrate's Report and Recommendation (Doc. 98)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 96)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** Defendants' **Motion to Dismiss (Doc. 44)** is **GRANTED IN PART** and **DENIED IN PART**, dismissing all claims brought by Plaintiff against Defendants Trish Foster, Cindy Vannoy, Amber Vittiaro, and all claims against Defendant N. Burl Cain EXCEPT Plaintiff's 42 U.S.C. § 1983 claim brought against Defendant N. Burl Cain in his individual capacity for subjecting Plaintiff to a mail block.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss (Doc. 57)** is **GRANTED IN PART** and **DENIED IN PART**, dismissing all claims against Defendant Paul Smith and all claims against Defendant Michael Vaughn EXCEPT Plaintiff's 42 U.S.C. § 1983 claim brought against Defendant Michael Vaughn in his individual capacity for subjecting Plaintiff to a mail block.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 82) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against Defendants in their official capacity for monetary damages are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against Cindy Vannoy, Trish Foster, Paul Smith, and Amber Vittirai are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against Defendant N. Burl Cain and Michael Vaughn are DISMISSED except those claims arising from the imposition of a mail block.

Baton Rouge, Louisiana, this 30th day of September, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA