UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE                                              CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL                                              NO.: 15-00034-BAJ-EWD

RULING AND ORDER

Before the Court is the **Motion for Restraining Order Preliminary Injunction (sic) (Doc. 101)**, which the Court will treat as an application for a temporary restraining order, filed by Brandon S. Lavergne ("Plaintiff"). Through his Motion, Plaintiff seeks to enjoin Michael Vaughn, a defendant in the above styled case, from having any contact with Plaintiff until a hearing for a preliminary injunction. (Doc. 101). For the reasons stated herein, Plaintiff's motion is **DENIED**.

I.   BACKGROUND

Plaintiff is a prisoner currently being held in the Louisiana State Penitentiary ("LSP"). (*See* Doc. 1). Plaintiff filed suit against Defendant Vaughn, claiming, among other things, that his First Amendment rights have been violated because Defendant imposed a "mail block" on Plaintiff.[1] (*Id.*). On September 30, 2016, this Court issued a ruling that found Plaintiff successfully pleaded a violation of his Constitutional rights in connection with the mail block. (Doc. 99). Plaintiff now comes to this Court to request a temporary restraining order against Defendant Vaughn that would

---

[1] In his initial complaint, Plaintiff described that mail block as "meaning he could only contact people on his visiting list by mail and legal mail." In connection with the mail block, Plaintiff alleges he was prevented from sending mail to people and institutions that are not part of his mailing list. (Doc. 1 at pp. 8-9).

prevent Defendant from having *any* contact with him, including preventing Defendant from taking actions in connection with the mail block.

## II.  LEGAL STANDARD

A temporary restraining order "is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quotations omitted). The purpose of a temporary restraining order is to "preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer." *RW Development, LLC v. Cuningham Group Architecture, Inc.*, 2012 WL 3258782, at *2 (S.D.Miss. Aug. 8, 2012) (citing *Granny Goose Food, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)). The movant seeking injunctive relief "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order . . . can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir.1987). Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

### III. DISCUSSION

The Court finds that Plaintiff has failed to carry his burden regarding the elements required for the issuance of a temporary restraining order. First, Plaintiff has not demonstrated a substantial likelihood that he will prevail on the merits of his underlying Constitutional claim. No evidence is produced, affidavits provided, or facts alleged that tend to show the likelihood of Plaintiff's success on the merits. Thus, the first element is not met.[2]

Moreover, Plaintiff does not successfully demonstrate how the harm to him outweighs the harm to the non-movant prison administrator. When weighing any form of injunctive relief, federal courts must be mindful not to jump at the chance to take prison administration into their own hands and out of the hands of the people entrusted with such tasks by the state. *See Williams v. Edwards*, 547 F.2d 1206, 1211–12 (5th Cir. 1977) ("The Supreme Court has articulated for the federal courts a policy of minimum intrusion into the affairs of state prison administration; state prison officials enjoy wide discretion in the operation of state penal institutions."). Courts have recognized that unwarranted intrusions by the courts can be disruptive to the prison administrators, who are often in the best position to operate the prison in a fashion that is best for the security of prisoners and outsiders alike. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (discussing the importance of preserving penal institution's administrative authority). Thus, the third element is not met.

---

[2] The Plaintiff argues that his claim has survived dismissal and that alone should be enough to entitle him to a preliminary injunction. However, merely properly pleading a claim, by itself, does not entitle a party to as extraordinary a remedy as a temporary restraining order. *See Anderson*, 556 F.3d at 360.

Finally, in a similar way, Plaintiff failed to demonstrate how granting his motion will not disserve the public interest.

In sum, Plaintiff has failed to convince the Court that he has satisfied the elements required for the issuance of the temporary restraining order. Therefore, it is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Restraining Order Preliminary Injunction (sic) (Doc. 101)** is **DENIED.**

Baton Rouge, Louisiana, this 7th day of October, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**