UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON S. LAVERGNE (#424227)** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, ET AL.** | **NO. 15-0034-BAJ-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 10, 2017.

            **ERIN WILDER-DOOMES**  
            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)　　　　　　　　　CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.　　　　　　　　　　　　　　NO. 15-0034-BAJ-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of the remaining Defendants in this case, Burl Cain and Michael Vaughn (R. Doc. 110). This Motion is opposed.

*Pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Warden N. Burl Cain, Legal Programs Director Trish Foster, Major Larry Smith, Major Michael Vaughn, Lt. Cindy Vannoy, Classification Supervisor Amber Vittirai and an unidentified Supervisor of Investigative Services. Pursuant to a prior Ruling in this case, all of Plaintiff's claims have been dismissed except his claim that Defendants Burl Cain and Michael Vaughn violated his constitutional rights by imposing a "mail block" in December, 2014, as a result of which Plaintiff was prohibited from sending personal mail to anybody who was not on his approved visitor's list. As pertinent to the claim remaining before the Court, a summary of Plaintiff's allegations is as follows:

- At some time after July 2013, Plaintiff was informed by Defendant Vaughn that Plaintiff could no longer send mail to the address of his teenage daughter, Bethany. According to Plaintiff, this was at the request of Bethany's mother, Lainey Martinez, because Plaintiff had filed a lawsuit against Ms. Martinez. *See* R. Doc. 1 at p. 5

- In early 2014, Plaintiff was informed that he was being placed on "mail watch," pursuant to which his mail was subject to being more closely monitored.

- In September 2014, Plaintiff's lawsuit against Lainey Martinez had allegedly proceeded through the courts and was lodged in the United States Supreme Court, and Plaintiff received notice that he was required by Supreme Court rules to send copies of his appellate brief to Ms. Martinez. Because Plaintiff was prohibited from sending mail to Ms. Martinez' address, Plaintiff forwarded the legal paperwork to members of his family for *them* to send to Ms. Martinez. The paperwork addressed to Ms. Martinez was thereafter returned undelivered, however, with a forwarding address for Ms. Martinez' mother, Jessica Vasseur. Accordingly, Plaintiff's family members re-sent the paperwork to Jessica Vasseur, who became upset and complained to the local district attorney and later to prison officials. *See id.* at pp. 5-6.

- Upon learning of the above complaints, LSP Investigator Michael Vaughn ordered that Plaintiff be placed in administrative segregation and subsequently charged Plaintiff with circumventing or attempting to circumvent a non-contact order.

- On or about December 18, 2014 Plaintiff was informed that he was being placed on "mail block," meaning that he could only send out legal mail and personal mail to persons on his approved visitors' list. When Plaintiff asked why, he was informed that this was requested by defendant Vaughn and ordered by defendant Burl Cain because Plaintiff had contacted members of his victim's family, which Plaintiff denies. *See id*. at pp. 8-9. Plaintiff complains that numerous items of outgoing mail were thereafter returned to him unsent with notices indicating that he was on "mail block." Plaintiff also complains that other items of outgoing mail were retained by prison officials unsent without any notice to

Plaintiff in violation of prison rules.

- On or about December 22, 2014 defendant Vaughn again issued Plaintiff a disciplinary report, this time for sending a Christmas card to Plaintiff's son, Braden. Plaintiff was informed by defendant Vaughn that Plaintiff had been told 2½ years previously not to send mail to his son's address. Plaintiff denies that he was ever so instructed and complains that he was nonetheless improperly found guilty of the charge. It appears that the finding of guilt in connection with this disciplinary report was later overturned on appeal, *see* R. Doc. 62 at p. 9.

- Plaintiff further complained that in February 2015, several letters he had submitted for delivery in the month of January 2015 were not received by the addressees.

Defendants Cain and Vaughn now move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, several written communications received by LSP personnel from persons requesting non-contact with Plaintiff, several Investigation Reports, with supporting documentation, prepared by LSP personnel in connection with non-contact directives and attempts by Plaintiff to circumvent non-contact directives, copies of correspondence and photographs related to non-contact directives, disciplinary reports charged against Plaintiff in connection with alleged attempts to circumvent non-contact directives, "mail watch" limitations imposed upon Plaintiff in July 2013 and September 2014, "mail block" limitations imposed upon Plaintiff in February, 2016, a copy of Department Regulation No. C-02-009 re: Offender Mail and Publications, a copy of the Disciplinary Rules and Procedures for Adult Offenders (2008 ed.), and the affidavits of Defendants Burl Cain and Michael Vaughn.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment

as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record that demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. However, whereas summary judgment is appropriate when there is no genuine disputed issue as to any material fact, and the moving party is able to show that he is entitled to judgment as a matter of law, Fed. R. Civ. P. 56, the moving party always bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). This is done by informing the Court of the basis for the motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. The nonmoving party is not required to respond to the motion until the movant has made the required showing in support thereof. *Id*. It is only after the movant has carried his burden of proof that the burden shifts to the non-movant to show that the entry of summary judgment is not appropriate. *See Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000). In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Upon a review of Defendants' Motion for Summary Judgment and based on the record before it, the Court concludes that Defendants' Motion should be denied. Specifically, the Court finds that Defendants have failed completely to legally or factually address the core issue remaining in this proceeding, *i.e.,* the issue of the "mail block" allegedly imposed by Defendants in December, 2014. The Court notes that this failure may be due in part to an inadvertent misstatement in the Magistrate Judge's Report and Recommendation of August 18, 2016, *see* R. Doc. 96, wherein the Court initially summarized the allegations of Plaintiff's Complaint as asserting that a "mail block" had been imposed by Defendants on December 18, 2014, *see id*. at p. 5, but later in the Report mistakenly referred to the "mail block" as having been imposed in September, 2014, *see id*. at p. 25. In any event, perhaps as a result of this inadvertent misstatement, Defendants' have not addressed the purported "mail block" imposed in December 2014 in the instant Motion for Summary Judgment. Instead, Defendants have focused upon extraneous issues, such as the asserted constitutionality of the prison mail regulations and the legal rationale for their placement of *targeted* restrictions upon Plaintiff's right to communicate with specific individuals, such as persons making non-contact requests or relatives of the victims of Plaintiff's criminal offense. Nonetheless, Plaintiff has continuously asserted that a "mail block" was imposed in December 2014 that generally limited, with few exceptions, virtually *all* of his outgoing mail with non-privileged persons (as contrasted with targeted restrictions or a "mail watch" that the Court has found to have been constitutionally permissible). As the Court explained in its earlier determination that there were issues of fact that precluded the dismissal of Plaintiff's claim regarding the "mail block," as contrasted with the "mail watch:"

> It is well-recognized that inmates have a First Amendment right both to send and receive mail, *see Thornburgh v. Abbott*, 490 U.S. 401 (1989), but it is clear that

this right does not preclude prison officials from examining mail to ensure that it does not contain contraband or address matters, such as escape plans or other illegal activity, that may impact upon the security of the prison environment. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Thus, it is well-settled that a prisoner does not have a constitutional right to complain if his incoming mail is opened and inspected outside of his presence, even if the inspection is in violation of prison rules or regulations, and this rule applies to both legal and personal mail. *See id.* at 825 (recognizing that "the violation of a prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights"). *See also Singletary v. Stalder*, 273 F.3d 1108 (5th Cir. 2001) (affirming that "prisoners do not have a constitutional right to be present when privileged legal mail is opened and inspected"). Outgoing mail, however, to some degree, is distinguished from incoming mail in this context because courts have recognized, with regard to incoming mail, a greater security interest in opening and inspecting such mail for contraband. *See Thornburgh v. Abbott, supra*, 490 U.S. at 413. Thus, the Fifth Circuit has concluded that prisoners have a right to be free from "arbitrary censorship" of outgoing mail. *Brewer v. Wilkinson, supra*, 3 F.3d at 826. However, "freedom from censorship … is not the equivalent of freedom from inspection or perusal." *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Thus, an inspection of outgoing mail, even legal mail, does not appear to be a violation of an inmate's constitutional rights. *See, e.g., Boydston v. Blankenship*, 2014 WL 2980760 (N.D. Tex. June 11, 2014) (and cases cited therein)*, Magistrate Judge's Recommendation adopted,* 2014 WL 2980915 (N.D. Tex. July 2, 2014).

Applying this standard, the Court finds no violation in the imposition of a "mail watch" restriction with regard to Plaintiff's mail in early 2014. Pursuant to such "watch," prison officials apparently subjected Plaintiff's mail to greater scrutiny than normal, but there is no indication that Plaintiff's mail was censored or that he was prevented from sending or receiving mail as a result of this restriction. In contrast, as a result of the imposition of a "mail block" in September [sic] 2014, Plaintiff was in fact allegedly barred from sending anything other than legal mail and mail to persons who were on his approved visiting list. There is nothing in the record that clearly reflects the non-arbitrary rationale for this "censorship" of Plaintiff's mail. Whereas Plaintiff alleges that he was told by defendant Vaughn that the "mail block" was requested by defendant Vaughn and ordered by defendant Cain because Plaintiff had attempted to send mail to members of his victim's family, Plaintiff vehemently denies that he ever attempted to do so, and he asserts that he was never issued a disciplinary report charging him with such conduct or otherwise outlining the reason for the imposed restriction. Whereas Defendants may well be able to justify the imposition of the "mail block" by showing a valid reasonable penological justification therefor in accordance with the analysis set forth in *Turner v. Safely*, 482 U.S. 78 (1987) (setting for a four-part fact-based analysis for the evaluation of prison regulations and restrictions that impose constitutional limitations upon prisoners), the Court finds that this issue is better addressed with the benefit of an evidentiary showing. *Cf., Samford v.*

*Dretke*, 562 F.3d 674 (5th Cir. 2009) (upholding a mail block in the form of a "negative mail list" without an evidentiary showing where the restriction placed upon the inmate's ability to send mail was targeted at only specifically named individuals and where a sufficient factual basis was clear on the record because the proscribed individuals were young family members who had witnessed his violent criminal conduct).

R. Doc. 96 at pp. 25-27. Thus, it is the "mail block" allegedly imposed by Defendants in December 2014 that the Court is concerned with in this case, including the legal and factual justification therefor, the due process with which Plaintiff was provided and/or which may have been due at its inception, and the scope and duration thereof.[1] Considering that Defendants have not addressed these issues or concerns in the instant Motion for Summary Judgment, their argument and supporting documentation do not clearly support Defendants' entitlement to relief. Accordingly, Defendants have not made a sufficient showing of entitlement to judgment or of the absence of any genuine issues of disputed material fact.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of Defendants Burl Cain and Michael Vaughn (R. Doc. 110), be denied and that this matter be referred back to the Magistrate Judge for further proceedings.[2]

Signed in Baton Rouge, Louisiana, on August 10, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff has asserted in his Opposition to Defendants' pending Motion for Summary Judgment that the "mail block" continued "through the end of March 2015." *See* R. Doc. 113-1 at p. 2.

[2] If this Report and Recommendation is adopted, Defendants may submit a supplemental motion for summary judgment that adequately addresses the claims remaining before the Court.