UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227)   CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.   NO. 15-0034-BAJ-EWD

**O R D E R**

Before the Court are Plaintiff's Motion to Enforce Order and Hold in Contempt (R. Doc. 141), Motion to Compel Answers, Leave to Ask Additional Question and to Compel the Production of Documents (R. Doc. 147), Motion to Hold in Contempt (R. Doc. 148), and Motion to Compell [sic] the Production of Documents (R. Doc. 150). The Court interprets these Motions as essentially seeking to compel responses to discovery from Defendants. These Motions are not opposed.

In October 2016, Plaintiff submitted a "Motion for Discovery" and "Motions for Interrogatories" to Defendants. *See* R. Docs. 107, 108 and 109. The Court thereafter entered an Order on June 30, 2017 (R. Doc. 127) interpreting Plaintiff's "Motions" to be original discovery requests and directing Defendants to respond thereto within 20 days of the date of the Order. Defendants thereafter moved for and were granted an extension of time "until August 19, 2017 to respond to Plaintiff's outstanding discovery requests." *See* R. Docs. 134 and 136. Defendants did not meet the Court's deadline and instead waited until August 29 and September 1, 2017, respectively, to file responses to Plaintiff's discovery, including with their responses numerous generalized objections thereto. *See* R. Docs. 142, 143 and 146. In addition, the record reflects that Defendants have not filed any opposition to the instant Motions to Compel and for Sanctions.

The Court is faced with competing considerations in connection with Plaintiff's pending Motions. On one hand, these Motions are procedurally deficient because they do not include

certificates of service[1] and do not include certification, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure, that Plaintiff has conferred or attempted to confer with opposing counsel in a good faith attempt to resolve the discovery dispute without Court intervention. On the other hand, the Docket reflects that Defendants' responses to Plaintiff's discovery requests were clearly untimely, were long delayed in any event (having been received in the form of "Motions" for Discovery in October 2016), and are rife with generalized objections that are largely baseless.[2] In addition, the Court finds it significant that Defendants have failed entirely to submit any response or opposition to the instant Motions before the Court. In the Court's view, these omissions by Defendants weigh in favor of granting Plaintiff's Motions notwithstanding the noted procedural deficiencies.[3] Further, inasmuch as a failure to timely respond to a discovery request generally waives any objections that a party may have to such request, it would likely be an exercise in futility for the Court to deny Plaintiff's Motions and require that he first confer with opposing counsel in an attempt to obtain appropriate responses.

---

1    Notwithstanding the absence of a certificate of service, the Docket Sheet reflects that Defendants' attorney was served by electronic transmission with notification of Plaintiff's instant Motions to Compel and for Sanctions.

2    For example, in addition to providing a baseless objection that Plaintiff's Interrogatories requested "inadmissible hearsay," *see* R. Doc. 142 at p. 1, which is not a valid objection to a discovery request, Defendants have responded to clear and direct queries by Plaintiff with conclusory and generalized objections. *See, e.g*, R. Doc. 143 at pp. 1-2, where Defendant Cain responded to a query regarding "[d]id you order me to be placed on mail block in December 2014? If yes, explain why. If no, who did?" with the following:

> Warden Cain objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Furthermore, the information requested by this Interrogatory is already within the knowledge or control of the Plaintiff.

3    The Court further notes that Defendants' most recent Motion for Summary Judgment sought dismissal of Plaintiff's Complaint while completely ignoring and side-stepping the pertinent issues in this case. *See* R. Docs. 110 and 141.

Notwithstanding the foregoing, the Court further finds that the imposition of sanctions is not appropriate at this time and that Defendants should be afforded an additional opportunity to provide responses to Plaintiff's discovery requests. Specifically, disregarding Defendants' largely conclusory, baseless and untimely objections, it appears that many of Defendants' responses are acceptable, albeit incomplete. For example, *and without limitation*, Defendants have acknowledged, as justification for the imposition of a mail block in December 2014, that Defendant Cain "communicated" with the prison investigation department regarding a request received from Ms. Shunick to limit Plaintiff's mail in December 2014, *see* R. Doc. 143 at p. 2, and that Defendant Vaughn "prepared" the mail block after learning of Ms. Shunick's request, *see* R. Doc. 142 at p. 2, but Defendants have failed to clarify, as requested, who actually requested, ordered, authorized or approved the mail block if not Defendant Cain. Further, whereas Defendants state that the referenced mail block did not end in March 2015 as contended by Plaintiff, *see id*. at p. 5, they have failed to provide information relative to when the mail block terminated. In addition, whereas Defendants have asserted that they have been unable to locate the documents actually imposing or terminating the mail block of December 2014, and whereas Defendants may not be compelled to produce documentation that has in fact been lost, destroyed, does not exist, or never existed, Defendants have further asserted, without any apparent support or authority, that they are not required to produce "reports, memos, emails, notes," "internal memoranda" or other "confidential" correspondence related to the imposition or termination of the mail block of December 2014. Further, Defendants assert that they are not required to produce copies of correspondence allegedly authored by Plaintiff and sent to one or more members of the Shunick family that purportedly justified the imposition of the referenced mail block or "reports, complaints, memos [or] emails" related to that correspondence, purportedly because the correspondence "could pose a risk of harm, harassment, and danger to the persons address in [that] correspondence." *See* R. Doc. 146 at p. 3. In the Court's view, these objections and assertions by Defendants are groundless and unwarranted. Accordingly, the Court

will direct Defendants to provide supplemental responses to Plaintiff's discovery and, if necessary, to meet and confer with Plaintiff in an attempt to resolve outstanding discovery issues.[4]   Therefore,

**IT IS ORDERED** that Plaintiff's Motion to Enforce Order and Hold in Contempt (R. Doc. 141), Motion to Compel Answers, Leave to Ask Additional Question and to Compel the Production of Documents (R. Doc. 147), Motion to Hold in Contempt (R. Doc. 148), and Motion to Compell the Production of Documents (R. Doc. 150) are hereby **GRANTED IN PART**, such that Defendants are directed to provide supplemental responses to Plaintiff's discovery requests within fourteen (14) days of the date of this Order and, if necessary, to meet and confer with Plaintiff within such time in an attempt to resolve any outstanding discovery issues.[5]

**IT IS FURTHER ORDERED** that Plaintiff's request for a finding of contempt and/or for the imposition of sanctions is hereby **DENIED** at this juncture.   Defendants are advised that failure to timely comply with this Order may result in sanctions.

Signed in Baton Rouge, Louisiana, on October 18, 2017.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Court notes that in complying with this Order, Defendants need not provide supplemental responses to Plaintiff's Interrogatories that request legal conclusions, such as those addressed to his purported First Amendment rights, and need not respond to inquiries regarding the imposition of mail blocks relative to other offenders, which the Court finds to be irrelevant.  The Court further notes that it finds Defendants' responses to Plaintiff's discovery addressed to the statutory or regulatory basis for the imposition of the referenced mail block and the process utilized to do so to be satisfactory, and Defendants need not provide supplemental responses in connection with these issues.

[5] Defendants are counseled that the remaining issues in this case are discreet, and the Court sees no reason why clear and direct responses to discovery may not be provided.