UNITED STATES DISCRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON S. LAVERGNE (#4242227) | CIVIL ACTION |
| VERSUS | |
| N. BURL CAIN, ET AL. | NO.: 15-0034-BAJ-EWD |

## RULING AND ORDER

Before the Court is the Magistrate Judge's **Report and Recommendation (Doc. 169)** pursuant to 28 U.S.C. § 636(b)(1). The only remaining issue in the instant case is whether Defendants Burl Cain and Michael Vaugh violated Plaintiff's constitutional right by imposing a "mail block" in December 2014, which prohibited Plaintiff from sending personal mail to anybody who was not on his approved visitor's list. (Doc. 169 at p. 2). The Magistrate Judge recommends that the Court grant summary judgment on the basis of qualified immunity and that the case be dismissed. (*Id.* at p. 17).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein (Doc. 169 at p. 1). Plaintiff timely filed an objection (Doc. 170)[1] to which Defendants responded (Doc. 171).

---

[1] Plaintiff raises numerous objections of fact regarding the Magistrate Judge's Report and Recommendation, none of which would materially alter the outcome. For instance, Defendant argues that he contacted a friend of his murder victim, not a family member, (Doc. 170 at p. 1) but it is undisputed that a family member called to complain about the contact.

The Court agrees with the Magistrate Judge that this is a "close one," but ultimately the Court concludes that the Magistrate Judge's exhaustive report reached the correct result. In doing so, the agrees with the Magistrate Judge that Defendants' actions were "likely over-broad in scope," but given the limited time that the mail block was in force—approximately ninety days—and the fact that the mail block allowed Defendant the opportunity to communicate with the individuals on his approved visitor's list, prison officials were entitled to qualified immunity.[2] Had the mail block been more extensive or had it interfered with Defendant's right to counsel, the Court is doubtful that Defendants would be entitled to qualified immunity.

Having carefully considered the underlying complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

---

[2] Many of Plaintiff's objections deal with the illegality of the mail block, which the Court agrees is overbroad, but qualified immunity protects officials who hold a reasonable but mistaken belief about the law. *See Freeman v. Gore*, 483 F.3d 404, 415 (5th Cir. 2007).

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 169)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that motion for summary judgment (Doc. 163) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case is **DISMISSED**.

Baton Rouge, Louisiana, this 13th day of September, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**